UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X  NOT FOR PUBLICATION
**LISSETTE VELEZ**,

                Plaintiff,          **MEMORANDUM AND ORDER**
      -against-                      20-CV-1919 (AMD) (CLP)

**NYC DEPARTMENT OF HEALTH AND
MENTAL HYGIENE/ENVIRONMENTAL
SCIENCES**, *et al.*,

                Defendants.
-------------------------------------------------------------X
**ANN M. DONNELLY**, United States District Judge:

      On April 23, 2020, the *pro se* plaintiff filed this action against her former employer, the New York City Department of Health and Mental Hygiene, and nine individual employees, alleging employment discrimination in violation of federal, state and city laws. (ECF No. 1.) I grant the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, I direct the plaintiff to file an amended complaint within sixty days of the date of this order.

## BACKGROUND

      Using the Court's employment discrimination form, the plaintiff marked every basis for jurisdiction under federal, state and city law. (ECF No. 1 at 5-6.) Specifically, she asserts claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and other unspecified state and local laws. (*Id.*) The plaintiff alleges that six forms of discriminatory conduct took place between February of 2017 and August of 2018: termination of her employment, failure to promote her, failure to accommodate her disability, unequal terms and conditions of her employment, retaliation and "harassment both physical and verbal." (*Id.* at 6.) The plaintiff claims that the defendants

discriminated against her because of her race, color, gender/sex, religion, national origin, age and disability. (*Id.* at 7.)

The plaintiff claims that she has emails, records and witnesses that "substantiate [her] allegations," but that she has been unable to present this information because she has back pain and because of the COVID-19 quarantine. (*Id.* at 7.) The EEOC dismissed the plaintiff's charge on January 23, 2020. (*Id.* at 10-11.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Federal Claims

The plaintiff's failure to allege any facts in support of her claims under Title VII, the ADEA and the ADA is apparently due to her health and the quarantine conditions related to the

COVID-19 pandemic. Accordingly, in order to proceed with this action, the plaintiff must file an amended complaint within sixty days of the date of this order. In the amended complaint, the plaintiff must provide facts supporting her employment discrimination claims against her employer. For example, the plaintiff must identify her protected status (such as her race, color, gender, religion, national origin, age or disability), describe the alleged discriminatory conduct or adverse employment actions, and provide facts to show that her employer's conduct was motivated by her protected status. It is not enough to check the box for each protected status— the plaintiff must fill in the blank space next to the box that applies and explain the basis for claiming the protected status. Similarly, if the plaintiff wants to assert violations of other federal, state and city laws, she must identify the laws to the best of her ability and provide facts to support her claims that the defendants violated them.

The plaintiff claims that the "facts are numerous" and that she has emails and witnesses to support her claims. (ECF No. 1 at 7.) In her amended complaint, she must allege the facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**II.     Individual Liability**

In addition to her former employer, the plaintiff also names nine individuals. (ECF No. 1.) Individuals, however, are not subject to liability under Title VII, the ADEA or the ADA. *See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61-62 (2d Cir. 2016) (summary order) ("Title VII does not provide for individual liability") (citations omitted); *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (summary order) ("[T]he ADA and ADEA, like Title VII, do not provide for actions against individual supervisors.") (citations omitted); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) ("[T]he

3

ADEA precludes individual liability") (citations omitted). Therefore, the plaintiff cannot proceed under Title VII, the ADEA or the ADA against the nine individual defendants.

## CONCLUSION

The plaintiff must file an amended complaint within sixty days from the date of this order. The plaintiff must attach the EEOC Dismissal and Notice of Rights letter to the amended complaint. The plaintiff may include a copy of the charge of discrimination that she filed with the EEOC as an exhibit. If the plaintiff chooses to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and have the same docket number as this order: 20-CV-1919 (AMD) (CLP). The amended complaint will replace the original complaint.

All further proceedings are stayed for sixty days. If the plaintiff does not file an amended complaint within the time allowed or show good cause why she cannot comply, the Court will dismiss the action and direct the Clerk of Court to enter judgment and close this case. The Clerk of Court is respectfully directed to mail a copy of this order along with an employment discrimination complaint form to the *pro se* plaintiff. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 for limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

      s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      April 28, 2020

5